```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CHARLES ULRICH,

    Plaintiff,

v.                                    Case No. 8:22-cv-2541-VMC-AAS

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## **Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this underinsured motorist benefits case in state court on October 5, 2022. (Doc. # 1-1).

1

Thereafter, on November 8, 2022, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant relied upon a pre-suit demand letter and civil remedy notice seeking the $100,000 policy limits to establish the amount in controversy. (Doc. # 1 at 2).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied.

(Doc. # 2). Specifically, the Court concluded that the pre-suit demand letter and civil remedy notice were insufficient to establish that the amount in controversy exceeds $75,000 because they reflected mere "puffing and posturing." (Id.) (citing Lamb v. State Farm Fire. Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction")); see also Jeffers v. State Farm Mut. Auto. Ins. Co., No. 3:09-cv-1097-MMH-JBT, 2010 WL 11623391, at *4 (M.D. Fla. July 19, 2010) ("[W]hatever impact the Civil Remedy Notice, as a precursor to a bad-faith-failure-to-settle claim, may have on future litigation, it says nothing, in that capacity at least, as to the amount in controversy, at the time of removal, of the present action.").

Thus, the Court did "not credit that demand for the policy limits or the non-economic damages calculations as establishing the amount in controversy by a preponderance of the evidence." (Doc. # 3). The Court noted that Plaintiff had incurred less than $23,000 in past medical expenses — far below the jurisdictional threshold. (Id.). The Court gave

Defendant an opportunity to provide additional information to establish the amount in controversy.

Defendant has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 4). But Defendant still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Again, according to Defendant's notice of removal, the only concrete damages at issue in this case — past medical expenses, lost wages, and non-medical out-of-pocket expenses — total less than $23,000. (Doc. # 1 at 9). And the Court does not credit the estimated cost of future spinal injections included in the civil remedy notice because there is no evidence that Plaintiff has scheduled the procedure or that the procedure is medically necessary. See Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); see also Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017)

4

(remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

Despite Defendant's argument to the contrary, any other damages based on future loss of income, future medical expenses, or pain and suffering are too speculative to include in the Court's calculation. See Pennington, 2019 WL 479473, at *2 (excluding lost wages and pain and suffering damages from the amount in controversy calculation because the Court "would [] be required to engage in rank speculation to ascribe any monetary value to these damages").

In short, Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of November, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE